**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JON LANGLINAIS

Plaintiff,

v. No.: 1:22-cv-00403

LESLIE A. MERRITT,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,
and SHAMROCK FOODS COMPANY

Defendants.

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants Leslie A. Merritt, Travelers Indemnity Company of Connecticut, and Shamrock Foods Company (collectively, "Defendants"), by and through their undersigned counsel Brennan & Sullivan, P.A. (James P. Sullivan), and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove to this Court the state court action filed in the Thirteenth Judicial District Court for the State of New Mexico, County of Cibola, Cause No. D-1333-CV-2022-00067, filed by Jon Langlinais, on the following grounds:

## I. DEFENDANTS HAVE SATISFIED ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Removal of Case.

1. On April 8, 2022, Plaintiff filed a Complaint against Defendants in the Thirteenth Judicial District Court, County of Cibola, New Mexico. Pursuant to D.N.M. LR-CIV 81.1, a copy of the Complaint is attached hereto as **Exhibit 1,** Complaint.

2. Defendants Shamrock Foods Company and Travelers Indemnity Company of Connecticut were served with the Complaint on May 17, 2022.

3. Defendant Leslie A. Merritt was served with the Complaint on May 19, 2022.

4. All Defendants consent to the removal of this action.

5. By removing this action to federal court, Defendants do not waive any defense otherwise available to them. Defendants reserve all rights to answer or present other defenses and objections pursuant to Fed.R.Civ.P. 12 or other provisions of law.

6. In consideration of the requirement of 28 U.S.C. § 1446(a) and pursuant to D.N.M.LR-Civ. 81.1(a), true and correct copies of all process, pleadings, records, proceedings and Orders filed in the Thirteenth Judicial District for the State of New Mexico, County of Cibola, Cause No D-1329-CV-2021-01002, are being filed with this Notice of Removal. *See*, **Exhibit 3,** State Court Record.

**B. Notice of Removal is Timely.**

7. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely as it is filed within thirty (30) days of proper service of the Complaint on all Defendants.

**C. Proper Notice to the State Court.**

8. Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Thirteenth Judicial District Court, County of Cibola, State of New Mexico.

9. The Civil Cover Sheet is attached as **Exhibit 2**.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of citizenship between Plaintiff and Defendants, and the

amount in controversy exceeds the sum of $75,000, exclusive of costs and interests. The Complaint is therefore properly removable under 28 U.S.C. § 1441.

**A. Complete Diversity of Citizenship Exists.**

10. Plaintiff, Jon Langlinais is a citizen of the State of New Mexico. Ex. 1, Compl. ¶ 1.

11. Defendant Leslie A. Merritt resides in Mesa County, Arizona. Ex. 1, Compl. ¶ 1.

12. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assoc.*, 494 U.S. 185, 196, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

13. Defendant Travelers Indemnity Company of Connecticut has its principal place of business in the State of Connecticut, making it a citizen of that state for diversity jurisdiction purposes.

14. Defendant Shamrock Food Company's principal place of business is in Phoenix, Arizona, making it a citizen of that State for diversity jurisdiction purposes.

15. Hence, there is complete diversity between Plaintiff and the Defendants in this action, and this Court has subject matter jurisdiction under 28 U.S.C § 1332. In addition, no Defendant is a citizen of the state in which this action is brought.

**B. Plaintiff's Alleged Damages Exceed the $75,000 Jurisdictional Threshold for Removal.**

16. To determine the amount in controversy, courts look first to the plaintiff's complaint. The parties invoking the jurisdiction of the federal court have the burden of proving that it appears that the claim is in excess of the statutory jurisdictional amount. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290, 2001 U.S. App. LEXIS 11007, *11, 2001 Colo. J. C.A.R. 2609).

17. Plaintiffs' Complaint does not allege the amount of damages incurred or the amount in controversy. *See* Ex. 1.

18. Plaintiff's Complaint alleges damages for physical injuries, past and future medical expenses, loss of income, loss of household services, property damage, loss of use, loss of enjoyment of life, emotional distress and physical pain and suffering. *See* Ex. 1, ¶ 18.

19. On February 15, 2022, Plaintiff's Counsel sent Travelers Indemnity Company a settlement demand letter on behalf of Plaintiff, seeking Mr. Merritt's policy limit for the insurance policy in effect at the time of the accident. Mr. Merritt's policy limit is One Million Dollars ($1,000,000.00). Additionally, as required by the Federal Motor Carrier Safety Regulations, Defendant's applicable policy limit would exceed the $75,000.00 jurisdictional threshold. See 49 C.F.R. § 387.9.

20. The settlement demand letter sent on behalf of Plaintiff shows the amount in controversy exceeds the jurisdictional limit of $75,000.00. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that a defendant may meet its burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 by looking at a plaintiff's settlement demand).

21. Although Defendants do not admit that Plaintiffs have been damaged in any amount as the result of any acts or omissions of Defendants, the amount in controversy exceeds $75,000.00.

WHEREFORE, Defendants request that the above-entitled action be removed from the Thirteenth Judicial District Court, County of Cibola, State of New Mexico, to this United States District Court for the District of New Mexico

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Gabriela M. Delgadillo*
James P. Sullivan
Gabriela M. Delgadillo
128 East DeVargas
Santa Fe, NM 87501
Phone: (505) 995-8514
jamie@brennsull.com
gabriela@brennsull.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 27th day of May, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Ian Bertschausen,
Parnall Law Firm, LLC,
P.O. Box 8009
Albuquerque, NM 87198
(505) 268-6500
ian@parnalllaw.com
*Attorney for Plaintiff*

By: */s/ Gabriela M. Delgadillo*
Gabriela M. Delgadillo